IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

v.                                                                                  Case No. 4:22cr13/MW

ETHAN JOSEPH GRZYWACZ
_____/

## GOVERNMENT'S MOTION *IN LIMINE* TO EXCLUDE TESTIMONY AND EVIDENCE OF THE DEFENDANT'S MENTAL CONDITION

The United States of America, by and through the undersigned Assistant United States Attorney, files this Motion to exclude testimony and evidence of the defendant's mental condition, and in support thereof, avers:

### FACTUAL AND PROCEDURAL BACKGROUND

For purposes of this Motion, the Government incorporates by reference the facts contained in its "Motion *in Limine* to Exclude Arguments and Evidence Regarding Potential Penalties." (Doc. 30).

On March 15, 2022, a federal Grand Jury sitting in the Northern District of Florida indicted GRYZWACZ on two counts: Receipt and Attempted Receipt of Child Pornography, in violation of 18 U.S.C. §§ 2252A(a)(2) and 2252A(b)(1), and Attempted Possession of Child Pornography, in violation of 18 U.S.C. §§ 2252(a)(5)(B) and 2252A(b)(2). (Doc. 20). Trial of this matter is currently scheduled to begin on July 18, 2022.

1

The Government has received a copy of an eight-page report pertaining to a psychological evaluation that occurred in May 2022 from the defense. Defense counsel has advised the undersigned that he plans to retain another expert to evaluate the Defendant. However, to date, the Government has not received notice of the Defendant's intent to assert an insanity defense and/or introduce expert evidence relating to a mental disease or defect, or mental condition bearing on the issue of guilt. Thus, the government requests that this Court exclude any argument or evidence at trial that relates to an insanity defense or a mental condition negating the intent element of the crimes charged in the Indictment.

Further, the Government believes that the Defendant may elicit testimony, argue, or reference that he has been diagnosed with an Autism Spectrum Disorder, namely Asperger's Syndrome. The Government further moves that the Court exclude such testimony, evidence, and reference at trial pursuant to Federal Rules of Evidence 402 and 403. An attempt to excuse the Defendant's behavior because of such a diagnosis is irrelevant and will likely confuse the jury. Additionally, it would also indirectly provide an invitation for improper jury nullification.

## ARGUMENT

**I. THE COURT SHOULD PROHIBIT THE DEFENDANT FROM INTRODUCING TESTIMONY AND EVIDENCE RELATING TO THE DEFENDANT'S MENTAL HEALTH WHICH DOES NOT NEGATE REQUISITE *MENS REA***

### A.   INSANITY IS AN AFFIRMATIVE DEFENSE FOR WHICH THE DEFENDANT MUST PROVIDE NOTICE AND PROVE

In 1984, with passage of the Insanity Defense Reform Act, 18 U.S.C. § 17, Congress impliedly placed significant restrictions on the use of mental defect evidence. *United States v. Kimes*, 246 F.3d 800, 806 (6th Cir. 2001). Specifically, "[t]he statute makes insanity a defense, but requires the defendant to satisfy the M'Naghten standard—i.e., the defendant must show, by clear and convincing evidence, that he was unable to appreciate the nature and quality or the wrongfulness of his acts. *Id*. (internal quotes omitted). The affirmative defense of insanity has two components – both of which must be established. A defendant must prove that: 1) he suffered from the illness at the time of commission of the "act constituting the offense," and 2) as a result of a severe "mental disease or defect [the defendant] was unable to appreciate the nature and quality or the wrongfulness of his act." 18 U.S.C. § 17(a). The defendant has the burden of proving the defense of insanity by clear and convincing evidence. 18 U.S.C. § 17(b). "The Insanity Defense Reform Act…eliminated all other affirmative defenses or excuses based upon mental disease or defect." *United States v. Cameron*, 907 F.2d 1051, 1061 (11th Cir. 1990); *see also* 18 U.S.C. § 17(a) ("Mental disease or defect does not otherwise constitute a defense.")

It is well established that insanity is an affirmative defense. *United States v. Wattleton*, 296 F.3d 1184, 1194 (11th Cir. 2002). Thus, "a defendant who intends to rely on the insanity defense or present expert testimony relating to a mental disease or

3

defect must file a Rule 12.2 pre-trial notice to that effect. The objective of such a notice is to 'give the government time to prepare to meet the issue, which will usually require reliance upon expert testimony.'" *Id.* A defendant who fails to give notice cannot rely on an insanity defense. Fed. R. Crim. P. 12.2(d). In the instant case, no such notice has been provided by the defense. In fact, counsel for the Defendant has represented to the Government that the Defendant is <u>not</u> intending to rely on an insanity defense, but that the defense may nonetheless call an expert witness regarding the Defendant's mental condition (i.e., Asperger's Syndrome), and his resulting vulnerability and need to please others.

**B.   MENTAL HEALTH EVIDENCE MAY BE OTHERWISE ADMISSIBLE TO NEGATE REQUISITE *MENS REA*, BUT SUCH EVIDENCE IS NOT ADMISSIBLE FOR GENERAL INTENT CRIMES**

The Government recognizes that even if a defendant does not assert an insanity defense, he is not necessarily precluded from offering non-insanity psychological evidence if certain conditions are met. *See United States v. Westcott*, 83 F.3d 1354, 1358 (11th Cir. 1996) ("The [Insanity Defense Reform] Act does not, however, completely eliminate the use of mental disease or defect evidence outside of attempts to establish the affirmative defense of insanity"). For example, "[i]f a subjective state of mind is an element of a crime, evidence regarding the existence or absence of that state of mind is evidence relevant to whether a crime was in fact committed." *Westcott*, 83 F.3d at 1358. Psychiatric evidence which negates the *mens rea* element of a charged crime can therefore be admitted under the Act. *Id.* Such evidence is admissible,

4

however, only when the evidence focuses on the defendant's specific state of mind at the time the offense was committed. *Id*. More specifically, "[p]sychological evidence is relevant to *mens rea* only when the defendant is charged with specific intent crime." *See Cameron*, 907 F.2d at 1063; *see also United States v. Fazzini*, 871 F.2d 635, 641 (7th Cir. 1989) (because armed bank robbery is a general intent crime and diminished capacity is a defense only to specific intent crimes, evidence relating to defendant's mental condition was properly excluded as irrelevant). Stated differently, diminished capacity–wherein a defendant asserts that his mental condition prevents him from forming the *mens rea* required to commit the crime—is **not a defense to general intent crimes**. *Kimes*, 246 F.3d at 806 (emphasis added).

"[A] specific intent crime is one that requires a defendant to do more than knowingly act in violation of the law. The defendant must also act with the purpose of violating the law." *Id.* at 806–07 (citing *United States v. Gonyea*, 140 F.3d 649, 653 (6th Cir. 1998)). By contrast, the violation of a general intent statute requires only that a defendant "intend to do the act that the law proscribes." *United States v. Phillips*, 19 F.3d 1565, 1576–77 (11th Cir. 1994); *see also United States v. Stokes*, 683 F. App'x 856, 857 (11th Cir. 2017); *United States v. Vereen*, 920 F.3d 1300, 1308 (11th Cir. 2019) (Because the felon-in-possession-of-a-firearm offense only requires that the possession be knowing, it is a general intent crime.); *United States v. Duran*, 596 F.3d 1283, 1292 (11th Cir. 2010). In other words, "a general intent crime requires the knowing commission of an act that the law makes a crime. A specific intent crime

5

requires additional 'bad purpose.'" *Kimes*, 246 F.3d at 806–07 (quoting *United States v. Kleinbart*, 27 F.3d 586, 592 n. 4 (D.C.Cir.1994)). For general intent crimes, "a defendant need not have specifically intended to violate the law and that the defendant's motive or purpose behind his possession is irrelevant." *Vereen*, 920 F.3d at 1308 (citing *United States v. Sistrunk*, 622 F.3d 1328, 1332 (11th Cir. 2010); *United States v. Reynolds*, 215 F.3d 1210, 1214 (11th Cir. 2000)). Where a defendant claims to have psychiatric evidence relevant to "an incapacity to reflect or control the behaviors that produced the criminal conduct, such evidence is not psychiatric evidence to negate specific intent and should not be admitted." *United States v. Bates*, 960 F.3d 1278, 1288–89 (11th Cir. 2020).

Here, the charged offenses are general intent crimes, not specific intent crimes. *See, e.g. United States v. Walden,* 478 Fed.Appx. 571, 576 n.2 (11th Cir. 2012) (reception and possession of child pornography under § 2252A(a)(2) and (a)(5)(B) are general-intent crimes); *Faucett v. United States*, 872 F.3d 506, 511 (7th Cir. 2017)*; United States v. Ballieu,* 480 Fed.Appx. 494, 497 (10th Cir. 2012) (reception of child pornography under § 2252A(a)(2)(A) is a general-intent crime); *Faucett v. United States*, 872 F.3d 506, 511 (7th Cir. 2017). Because the federal statutes proscribing receipt and possession of child pornography–18 U.S.C. §§ 2252A(a)(2), (a)(5)(B) – require defendants to act "knowingly," these statutes only require general intent. *See Walden*, 478 F. App'x at 576 (citing *United States v. Duran*, 596 F.3d 1283, 1292 (11th Cir.2010) (holding that since the prohibition in 18 U.S.C. § 951 was "clear on its face"

and required the defendants to act "knowingly," then only the mens rea of general intent was required)).

Because specific intent is not necessary under 18 U.S.C. § 2252A, the Defendant's specific state of mind in the instant case is not at issue. Therefore, any evidence of an alleged mental illness, condition, or defect is irrelevant to the issue of guilt and should be excluded under Federal Rules of Evidence 402 and 403.[1]

### C. THE DEFENDANT'S MENTAL HEALTH CONDITIONS ARE NOT RELEVANT AND UNFAIRLY PREJUDICIAL

A defendant's constitutional right to present a full defense does not entitle him to the admission of irrelevant or otherwise inadmissible evidence. *United States v. Anderson*, 872 F.2d 1508 (11th Cir. 1989). "Evidence which is not relevant is not admissible." Fed. R. Evid. 402. "Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would without the evidence." *See* Fed. R. Evid. 401; *United States v. Glasser*, 773 F.2d 1553, 1559 n.4 (11th Cir. 1985) (For evidence to be relevant "(1) [t]he evidence must be probative of the proposition it is offered to prove, and (2) the proposition to be proved must be one that is of consequence to the determination of the action") (internal quotation omitted).

---

[1] Any evidence suggesting the defendant "lacked the capacity" or was "incapable" of forming the intent necessary for the crime charged connotes "an incapacity to reflect or control the behaviors that produced the criminal conduct," which is not the type of non-insanity psychiatric evidence admissible under the Act. *See Cameron*, 907 F.2d at 1066.

7

Additionally, trial courts are permitted to exclude evidence where there is a danger of unfair prejudice to the Government. Fed. R. Evid. 403. As the Federal Criminal Rules Committee explained when it enacted Rule 403, "[u]nfair prejudice... means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *See* Advisory Committee Notes to Fed.R.Evid. 403 (1972).

Inasmuch as defense counsel plans to introduce mental health testimony and evidence about the Defendant to show that the Defendant was vulnerable and eager to please others so they would like him, the Government responds that this strategy would not be relevant to the issue of guilt at trial; rather, it would possibly provide a ground for a sentence mitigation. *See United States v. Litzky*, 18 F.4th 1296, 1303 & 1306 (11th Cir. 2021) (Expert opined that Litzky's intellectual disability coupled with her history of victimization placed her in a position of extreme vulnerability; however, vulnerability connected to intellectual disability isn't a basis for acquittal; expert's proffered testimony wasn't significant to a material element of the case and would have served only to explain Litzky's actions, not to negate the intent behind those actions; this evidence of intellectual disability might have provided a reason for sentence mitigation and would not have given the jury "a reason in law not to convict").

Even if this Honorable Court precludes expert testimony or the introduction of evidence regarding the Defendant's alleged psychological condition, the Defendant or his attorney may still try to elicit testimony, argue, or make reference to the

8

Defendant's diagnosis of Asperger's Syndrome. This fact, however, is completely irrelevant to the issue in this case: whether the Defendant sought to receive child pornography – especially such material that involved babies – from someone whose social media accounts the Defendant did not realize were taken over by an undercover FBI agent and from whom the Defendant had previously received child pornography.

For the reasons discussed herein, such evidence will not refute intent. Instead, it would be an attempt to impermissibly excuse his criminal conduct, and therefore is irrelevant and unfairly prejudicial, and should be excluded at trial. Thus, the Government also moves *in limine* to preclude references to or lay testimony about the Defendant's mental health.

## CONCLUSION

The statutes under which the Defendant is charged are general intent statutes. There is no intent requirement beyond "knowingly", and the defendant should be precluded from offering at trial any evidence of diminished capacity or a psychological condition with which he has been diagnosed, either as an excuse for his behavior or to negate an element of the crimes. Such evidence would be probative, if at all, only as mitigation at the time of sentencing. If the defendant henceforth provides an expert notice as to his mental state, the Government requests this Court issue an order prohibiting the defense from offering testimony or evidence at trial regarding the Defendant's mental condition.

Further, the Government respectfully requests that the Court grant the Government's motion to preclude the Defendant, his witnesses, and his counsel –in *voir dire*, in opening statement, in direct or cross-examination, or in closing argument– from making any mention of the Defendant's mental health, psychological conditions or symptoms thereof, or any diagnoses that the Defendant has received.

For the foregoing reasons, the Government respectfully moves this Honorable Court to exclude such irrelevant and unfairly prejudicial references pursuant to Federal Rules of Evidence 402 and 403.

Respectfully submitted,

JASON R. COODY
United States Attorney

**/s/ Justin M. Keen**
JUSTIN M. KEEN
Assistant United States Attorney
Florida Bar No. 021034
111 North Adams Street, Suite 400
Tallahassee, FL 32301
(850) 942-8430
Justin.Keen@usdoj.gov

## RULE 7.1(B) CERTIFICATION

I HEREBY CERTIFY that R. Timothy Jansen, counsel for the above-named defendant, has been consulted and advises that he agrees with the law cited herein, and is in the process of trying to retain another expert to evaluate the Defendant.

**/s/ Justin M. Keen**
JUSTIN M. KEEN
Assistant United States Attorney

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)

I hereby certify, pursuant to N.D. Fla. Loc. R. 7.1(f), that this filing complies with the word limit and contains approximately 2,554 words. This response was prepared using Microsoft Word 2016 software. In making this certification, I have relied upon the word-count feature of Microsoft Word 2016.

*/s/ Justin M. Keen*
JUSTIN M. KEEN
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed via the Court's CM/ECF system on this 28th day of June, 2022, which will send notification of such filing to all counsel of record.

*/s/ Justin M. Keen*
JUSTIN M. KEEN
Assistant United States Attorney