IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

v.                                          Case No. 4:22cr13/MW

ETHAN JOSEPH GRZYWACZ
_____/

**GOVERNMENT'S SENTENCING MEMORANDUM[1]**

The United States of America, by and through the undersigned Assistant United States Attorney, files the following memorandum in aid of sentencing:

For purposes of this memo, the Government incorporates by reference the facts contained in the Statement of Facts signed by the parties (ECF No. 44), the Government's Notice of Filing [of the Defendant's Telegram chat conversations] (ECF No. 51) and copies of the Defendant's Telegram chat conversations (ECF Nos. 51-1 & 51-2), and the final Presentence Investigation Report (PSR) (ECF No. 53). These documents provide this Court with invaluable insight into the Defendant's state of mind at the time of the offense and his overall sexual attraction to children and babies.

In particular—and notwithstanding any mental health issues with which the Defendant may have been diagnosed—the Defendant clearly knew what he was doing was a crime, appreciated the consequences for his criminal activity, and recognized

---

[1] The government had not intended to file a sentencing memorandum in this case; however, after receipt of the Defendant's character letters (ECF No. 56) in the afternoon of the day before the scheduled sentencing hearing, the undersigned thought this memo was necessary.

1

that he could get caught by law enforcement. *See, e.g.,* ECF No. 51-2 at pg. 7-8 ("if i ever got caught everything would be ruined…im still a bit scared of everything and getting arrested lol…sometimes I get in this greedy headset and wanna go find some [child pornography] myself and get so scared too that ill be caught…I go look for [people] who are willing to share. But I get scared it's a bait and the person is actually a fed or something."[2]).  For the defense to suggest otherwise would be inconsistent with the Defendant's own choice of words.

The undersigned recognizes that before the Court for sentencing is a young adult without any criminal history and who has some degree of mental health challenges. However, given the degree of the Defendant's sexual attraction to children—as evidenced by the graphic detail in which he articulated such an attraction, and his expressed desire to sexually humiliate children—the Court would be justified in imposing a sentence within the recommended guidelines range.  Even if the Defendant only receives the five-year prison minimum mandatory sentence, it would guarantee that the public will be protected for at least that long.

Once he is released from prison—no matter the length of time imposed—the Defendant will be a danger to the community without appropriate conditions and restrictions.  Therefore, in light of the mental health and sex offender conditions

---

[2] Ironically, the Defendant's fear that the people with whom he communicated online for the purpose of obtaining child pornography came true: after December 2021, "Sergio" was really an undercover federal agent.

2

recommended in the PSR, and the facts of this case, the government strongly urges the Court to impose a lifetime term of supervised release.

Lastly, if for no other purpose than to clarify the record, the government needs to correct a factual inaccuracy contained in a character letter filed by the defense. (ECF No. 56 at pg. 1). In his letter to the Court, the Defendant's father incorrectly denigrates the prosecution in his effort to obtain the Court's mercy for the Defendant. Specifically, the Defendant's father's letter claims that:

> Factors contributing to [sentencing] disparities like these were verbalized to us through our attorney, who explained that the federal prosecutors refused to consider an alternative plea in Ethan's case because a similar case received a more conservative judge. Decisions like those pervert justice. . .

(ECF No. 56, pg. 1, 2d ¶). The suggestion that the Defendant received a harsher treatment by the government in this case, or that the government engages in unfair sentencing disparities, is patently false.

So the Court is clear on the history of this case, the arrest and prosecution of the Defendant was the result of an undercover federal investigation that also uncovered similar criminal activity by another FSU student, William Merkin, around the same time that the Defendant was communicating with "Sergio." Mr. Merkin was indicted for the same two federal crimes, based on almost identical facts,[3] as the Defendant is

---

[3] Although the facts between the Defendant's instant case and that of Mr. Merkin's case are very similar, the government submits that the Defendant's sexual attraction to babies and young children, as expressed in the Defendant's Telegram chats, is far worse than Mr. Merkin. The facts of Mr. Merkin's case was that he was seeking child pornography in general, and arguably "settled"

3

here. *See United States v. William Joseph Merkin*,[4] 4:22cr8/AW (N.D. Fla.), Docs. 2 & 18.  Both Mr. Merkin and the Defendant received the same answer after requesting to plea to just count 2 of their indictments.

Mr. Merkin's attorney requested that the government consider allowing Mr. Merkin to enter a guilty plea to count 2 in exchange for a dismissal of count 1 (which carries a minimum mandatory prison sentence).  The government declined that request.  Afterwards, the Defendant's counsel asked the government to consider the same request for the Defendant: dismiss count 1 in exchange for a guilty plea to count 2.  The government declined that request, noting *inter alia*, that it had refused such a resolution in Mr. Merkin's case based on similar facts.  Ultimately, Mr. Merkin pleaded guilty to count 1 of his indictment, Attempted Receipt of Child Pornography, just like the Defendant here, and was sentenced to prison.[5]

---

on receiving such material that depicted babies.  Here, the Defendant expressed in great detail his sexual attraction to babies and diaper-wearing children.

[4] It is important to note that the undersigned was the prosecutor in Mr. Merkin's case.

[5] It is noteworthy that the "more conservative judge" (as that description was used by the Defendant's father in his letter, ECF No. 56) who presided over Mr. Merkin's case varied downward from the recommended guidelines sentence, and imposed the five-year minimum mandatory sentence.

Respectfully submitted,

JASON R. COODY
United States Attorney

*/s/ Justin M. Keen*
JUSTIN M. KEEN
Assistant United States Attorney
Florida Bar No. 021034
111 North Adams Street, Suite 400
Tallahassee, FL 32301
(850) 942-8430
Justin.Keen@usdoj.gov

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)

I hereby certify, pursuant to N.D. Fla. Loc. R. 7.1(f), that this filing complies with the word limit and contains less than 8,000 words. In making this certification, I have relied upon the word-count feature of Microsoft Word 2016.

*/s/ Justin M. Keen*
JUSTIN M. KEEN
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed via the Court's CM/ECF system on this 3rd day of November, 2022, which will send notification of such filing to all counsel of record.

*/s/ Justin M. Keen*
JUSTIN M. KEEN
Assistant United States Attorney